1
2
3
4
5          UNITED STATES DISTRICT COURT

6          EASTERN DISTRICT OF WASHINGTON

7   LEONOR G.,

8                          Plaintiff,          NO. 2:20-CV-0100-TOR

9        v.                                    ORDER DENYING PLAINTIFF'S
                                               MOTION FOR SUMMARY
10  ANDREW M. SAUL, Commissioner               JUDGMENT AND GRANTING
    of Social Security,                        DEFENDANT'S MOTION FOR
                                               SUMMARY JUDGMENT
11
                           Defendant.
12

13        BEFORE THE COURT are the parties' cross-motions for summary

14  judgment (ECF Nos. 15, 16).  The Court has reviewed the administrative record

15  and the parties' completed briefing, and is fully informed.  For the reasons

16  discussed below, the Court **DENIES** Plaintiff's motion and **GRANTS** Defendant's

17  motion.

18                            **JURISDICTION**

19        The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

20

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158-59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

*Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that [he or she] is not only unable to do [his or her] previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 3

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity, defined generally as the claimant's ability to perform physical and mental work activities

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4

on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On January 5, 2017, Plaintiff filed an application for Title II disability insurance benefits and Title XVI supplemental security income benefits, alleging an onset date of December 25, 2016. Tr. 19. The application was initially denied and denied again on reconsideration. Tr. 19. Plaintiff appeared at a hearing before an administrative law judge ("ALJ") on November 8, 2018. Tr. 19. The ALJ denied Plaintiff's claim on January 30, 2019. Tr. 16.

As a threshold matter, the ALJ found Plaintiff would meet the insured status requirements of the Social Security Act through December 31, 2021. Tr. 22. At step one of the sequential evaluation analysis, the ALJ found Plaintiff had not engaged in substantial gainful activity after December 25, 2016, the alleged onset date. Tr. 22. At step two, the ALJ found Plaintiff had the following severe impairments: obesity; diabetes mellitus with neuropathy; degenerative disc disease; dermatitis; and right eye vision loss. Tr. 22. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 24. The ALJ then found Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 6

had a residual functional capacity to perform light work with the following

limitations:

> [Plaintiff] can stand/walk for 4 hours in an 8-hour day; she can sit
> through a work day with normal breaks; she needs an option to change
> sitting/standing positions every 30 minutes, while remaining at the
> work station; she can engage in occasional, non-repetitive operation of
> foot controls bilaterally; she can occasionally climb ramps/stairs,
> balance, stoop, kneel, or crouch; she can never crawl or climb ladders,
> ropes, or scaffolds; she can frequently handle and finger bilaterally;
> she should avoid concentrated exposure to extremes of heat/cold,
> pulmonary irritants, and hazards; and she has no vision in the right
> eye.

Tr. 24.

At step four, the ALJ found Plaintiff was not capable of performing any past

relevant work.  Tr. 30.  At step five, the ALJ found that, considering Plaintiff's

age, education, work experience, residual functional capacity, and testimony from

a vocational expert, there were other jobs that existed in significant numbers in the

national economy that Plaintiff could perform, such as a telephone quotation clerk,

call-out operator, addresser, and document preparer.  Tr. 31.  The ALJ concluded

Plaintiff was not under a disability, as defined in the Social Security Act, from

December 25, 2016, the alleged onset date, through January 30, 2019, the date of

the ALJ's decision.  Tr. 31.

On January 16, 2020, the Appeals Council denied review (Tr. 1-6), making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II and supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for this Court's review:

1. Whether the ALJ properly evaluated Plaintiff's impairments;

2. Whether the ALJ properly weighed Plaintiff's subjective symptom testimony;

3. Whether the ALJ properly weighed the medical opinion evidence; and

4. Whether the ALJ met his burden in determining Plaintiff could perform other jobs available in the national economy.

ECF No. 15 at 5.

## DISCUSSION

**A.    Plaintiff's Impairments**

Plaintiff contends the ALJ failed to identify some of Plaintiff's impairments as severe at step two. ECF No. 15 at 7-13. At step two of the sequential process, the ALJ must determine whether a claimant suffers from a "severe" impairment,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 8

i.e., one that significantly limits her physical or mental ability to do basic work

activities.  20 C.F.R. §§ 404.1520(c), 416.920(c).  To show a severe impairment,

the claimant must first prove the existence of a physical or mental impairment by

providing medical evidence consisting of signs, symptoms, and laboratory

findings; the claimant's own statement of symptoms alone will not suffice.  20

C.F.R. §§ 404.1521, 416.921.

An impairment may be found non-severe when "medical evidence

establishes only a slight abnormality or a combination of slight abnormalities

which would have no more than a minimal effect on an individual's ability to work

. . . ."  Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.  Similarly, an

impairment is not severe if it does not significantly limit a claimant's physical or

mental ability to do basic work activities, which include walking, standing, sitting,

lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and

speaking; understanding, carrying out and remembering simple instructions;

responding appropriately to supervision, coworkers and usual work situations; and

dealing with changes in a routine work setting.  20 C.F.R. §§ 404.1522, 416.922;

*see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims."

*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted).  "Thus,

applying our normal standard of review to the requirements of step two, [the

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 9

1    Court] must determine whether the ALJ had substantial evidence to find that the

2    medical evidence clearly established that [Plaintiff] did not have a medically

3    severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d

4    683, 687 (9th Cir. 2005).

5                    *1. Severity of Mental Impairments*

6            Plaintiff contends the ALJ erred in finding Plaintiff's depression and anxiety

7    as non-severe impairments. ECF No. 15 at 7-12. In evaluating a claimant's mental

8    impairments, an ALJ follows a special two-step psychiatric review technique. *See*

9    20 C.F.R. §§ 404.1520a, 416.920a. First, the ALJ must determine whether there is

10   a medically determinable impairment. 20 C.F.R. §§ 404.1520a(b)(1),

11   416.920a(b)(1). If the ALJ determines an impairment exists, the ALJ must rate the

12   degree of functional limitation resulting from the impairment in the following four

13   broad functional categories: (1) understand, remember, or apply information; (2)

14   interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or

15   manage oneself. 20 C.F.R. §§ 404.1520a(c)(3), 416.920a(c)(3). If the ALJ rates

16   the degree of limitation as "none" or "mild," the ALJ will generally conclude the

17   impairment is not severe. *Id*.

18           Plaintiff does not challenge the ALJ's application of the special two-step

19   review technique; rather, Plaintiff only challenges the ALJ's conclusions. At step

20   one, the ALJ found Plaintiff's depression, mild intellectual disability, and anxiety

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 10

were medically determinable mental impairments.  Tr. 22.  The AJL then

proceeded to step two, considering each of the four broad areas of mental

functioning.  Tr. 22-23.  Based on the following findings, the ALJ concluded the

impairments caused only minimal limitation to Plaintiff's ability to perform basic

mental work activities.  Tr. 22-23.

As to the first functional area of understanding, remembering, or applying

information, the ALJ rated Plaintiff's limitations as mild.  Tr. 23.  The ALJ noted

Plaintiff graduated from high school and had some college education (Tr. 23);

enjoyed reading the Bible as a hobby (Tr. 23 (citing Tr. 272)); did not report

problems with understanding, memory, or following directions (Tr. 23 (citing Tr.

249, 273); and typically presented with intact cognition and memory at care

provider appointments (Tr. 23 (citing Tr. 400-01, 573, 1038, 1101, 1107, 1109)).

The ALJ further noted that while Plaintiff scored in the extremely low range on a

full-scale IQ test conducted in September 2017, the test evaluator assessed her

responses as random and/or inconsistent, which raised questions as to the

reliability of the information provided by Plaintiff.  Tr. 23 (citing Tr. 419-20).

Under the second functional area of interacting with others, the ALJ rated

Plaintiff with no limitations.  Tr. 23.  Plaintiff did not report difficulty getting

along with others in her function reports, nor did she report ever losing a job due to

her ability to get along with others.  Tr. 23 (citing Tr. 250, 274).  Plaintiff reported

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 11

1  good relationships with her family with whom she enjoyed spending time and

2  attending church.  Tr. 23 (citing Tr. 248, 272-73).  The ALJ further noted Plaintiff

3  presented as pleasant, friendly, and/or cooperative at treatment and testing

4  appointments.  Tr. 23 (citing Tr. 393, 401, 410, 421, 576, 1052).

5      Regarding the third functional category of concentrating, persisting, or

6  maintaining pace, the ALJ rated Plaintiff's limitations as mild.  Tr. 23.  The ALJ

7  again made note of the September 2017 testing in which Plaintiff scored extremely

8  low in tasks assessing attention span, concentration, and control of mental exertion.

9  Tr. 23 (citing Tr. 419-20).  However, the ALJ found Plaintiff's inconsistent and/or

10  random responses undermined the testing results.  Tr. 23.  Additionally, Plaintiff

11  did not report problems with concentration or attention in her function reports.  Tr.

12  23 (citing Tr. 249, 273).  A psychological evaluation performed in June 2017

13  further supported the ALJ's finding where Plaintiff's ability to maintain attention

14  and concentration for extended periods was evaluated as unimpaired.  Tr. 23

15  (citing Tr. 412).

16      In the final functional category of adapting or managing oneself, the ALJ

17  rated Plaintiff's limitation as none to mild.  Tr. 23.  The ALJ supported the rating

18  by citing Plaintiff's own reports regarding her mental ability to care for and

19  manage herself.  *Id*.  Plaintiff reported she was able to manage personal care tasks,

20  meal preparation, some household chores, grocery shopping, and bill paying.  Tr.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 12

23 (citing Tr. 245-47, 269-71).  Additionally, the ALJ noted Plaintiff presented as well-groomed with good personal hygiene at treatment appointments.  Tr. 23 (citing Tr. 400, 410, 420, 1068, 1070).  Plaintiff's medical exams were devoid of any behavioral abnormalities.  Tr. 23 (citing 410, 421, 563).

After considering Plaintiff's impairments, together and individually, under the special two-step psychiatric review, the ALJ concluded the record as a whole supported a finding that Plaintiff's mental limitations were not severe.  Plaintiff argues the ALJ's conclusions were erroneous, citing to her own reported mental health symptoms (Tr. 1048, 1057, 1074), her own reported mental capacity (Tr. 246, 249, 270, 273P), and two mental health evaluations the ALJ merited only little weight[1] (Tr. 408-12, 1155-58).  While Plaintiff's citations support the ALJ's finding of a medically determinable mental impairment, the ALJ's conclusions are supported by substantial evidence that contradict the severity of impairment reported by Plaintiff.  Even if the ALJ erroneously identified these impairments as non-severe, any error would be harmless because the step was resolved in

---

[1]    Plaintiff challenges the ALJ's rejection of two witness testimonies: that of Valerie Vela, MSW, and the September 2017 psychological evaluation by Dr. Genthe.  ECF No. 15 at 11, 12.  The Court addresses the rejection of these testimonies in Section C, *infra*.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13

1  Plaintiff's favor and the ALJ considered Plaintiff's mental limitations when

2  assessing Plaintiff's residual functional capacity.  *See Dattilo v. Berryhill,* 773 F.

3  App'x 878, 880 (9th Cir. 2019); *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d

4  1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400 F.3d 676, 682-83 (9th Cir.

5  2005) (finding harmless error where the ALJ failed to identify an impairment as

6  severe at step two but accounted for the impairment at step five).

7              *2.  Severity of Physical Impairments*

8          Plaintiff also argues the ALJ erred in identifying Plaintiff's carpal tunnel

9  syndrome as a non-severe impairment.  ECF No. 15 at 12-13.  The AJL did not

10  specifically address the condition at step two.  The ALJ did, however, note

11  Plaintiff's carpal tunnel syndrome appeared occasionally in her medical records,

12  but ultimately found it did not cause significant limitations or did not last for a

13  continuous period of 12 months.  Tr. 22 (citing Tr. 561, 714).  Plaintiff cites to two

14  medical notations and argues they support a finding of limited functionality that

15  would prevent Plaintiff from being able to perform the jobs identified by the ALJ.

16  ECF No. 15 at 13 (citing Tr. 561 (noting moderate bilateral carpal tunnel

17  syndrome); Tr. 714 (assessing carpal tunnel syndrome with slightly weakened

18  grip)).

19          Based on the record as a whole, the Court finds the ALJ's finding was

20  reasonable.  Again, even if the ALJ erred in failing to identify the carpal tunnel

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 14

1    syndrome as severe at step two, the error was harmless because the step was

2    resolved in Plaintiff's favor and the carpal tunnel syndrome was considered when

3    assessing her residual functional capacity.  *See* Tr. 24 (finding Plaintiff was

4    capable of frequent bilateral handling and finger movement); *Burch*, 400 F.3d at

5    682-83 (9th Cir. 2005); *see also Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir.

6    2007).

7         The Court finds the ALJ's conclusions regarding the severity of Plaintiff's

8    depression, anxiety, and carpal tunnel syndrome were supported by substantial

9    evidence.  Even if the ALJ erred in failing to identify these conditions as severe,

10   any error was harmless because step two was resolved in Plaintiff's favor and all

11   severe and non-severe impairments were considered at step five.

12        **B.    Plaintiff's Symptom testimony**

13        Plaintiff contends the ALJ erred in rejecting her subjective symptom

14   testimony.  ECF No. 15 at 7-13.  An ALJ engages in a two-step analysis to

15   determine whether a claimant's subjective symptom testimony can be reasonably

16   accepted as consistent with the objective medical and other evidence in the

17   claimant's record.  SSR 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must

18   determine whether there is 'objective medical evidence of an underlying

19   impairment which could reasonably be expected to produce the pain or other

20   symptoms alleged.'"  *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 15

1   (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is

2   not required to show that her impairment 'could reasonably be expected to cause

3   the severity of the symptom she has alleged; she need only show that it could

4   reasonably have caused some degree of the symptom.'"  *Vasquez*, 572 F.3d at 591

5   (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)).

6        Second, "[i]f the claimant meets the first test and there is no evidence of

7   malingering, the ALJ can only reject the claimant's testimony about the severity of

8   the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

9   rejection."  *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

10  omitted).  General findings are insufficient; rather, the ALJ must identify what

11  symptom claims are being discounted and what evidence undermines these claims.

12  *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v.*

13  *Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently

14  explain why he or she discounted claimant's symptom claims).  "The clear and

15  convincing [evidence] standard is the most demanding required in Social Security

16  cases."  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v.*

17  *Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

18       The ALJ is instructed to "consider all of the evidence in an individual's

19  record," "to determine how symptoms limit ability to perform work-related

20  activities."  SSR 16-3p, 2016 WL 1119029, at *2.  When evaluating the intensity,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 16

persistence, and limiting effects of a claimant's symptoms, the following factors

should be considered: (1) daily activities; (2) the location, duration, frequency, and

intensity of pain or other symptoms; (3) factors that precipitate and aggravate the

symptoms; (4) the type, dosage, effectiveness, and side effects of any medication

an individual takes or has taken to alleviate pain or other symptoms; (5) treatment,

other than medication, an individual receives or has received for relief of pain or

other symptoms; (6) any measures other than treatment an individual uses or has

used to relieve pain or other symptoms; and (7) any other factors concerning an

individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 1119029, at *7-8; 20 C.F.R. §§ 404.1529(c)(3),

416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to

cause the alleged symptoms; however, Plaintiff's statements concerning the

intensity, persistence, and limiting effects of those symptoms were not entirely

consistent with the evidence.  Tr. 25.  In arriving at this conclusion, the ALJ

considered several of the factors described above.

In regard to Plaintiff's daily activities, the ALJ found she was "quite

functional despite her physical symptoms."  Tr. 26.  Daily activities may be

grounds for an adverse credibility finding if (1) Plaintiff's activities contradict her

other testimony, or (2) Plaintiff "is able to spend a substantial part of [her] day

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 17

engaged in pursuits involving the performance of physical functions that are transferable to a work setting."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).  Despite her allegations of mobility and standing difficulties, Plaintiff indicated in her February 2017 function report that she was able to prepare her own meals and able to do chores like washing dishes, sweeping, and washing clothes for periods of up to two hours.  Tr. 26 (citing Tr. 246).  She also stated she regularly attended church and spent time with family.  Tr. 26 (citing Tr. 247-48).  She did not report regular use of an assistive device such as a walker, wheelchair, or cane while engaged in these activities.  Tr. 26 (citing Tr. 250).

Plaintiff argues the ALJ's conclusions were erroneous, noting the same function report indicated she required assistance with shaving her legs, preparing meals, getting dressed, and shopping.  ECF No. 15 at 18.  However, Plaintiff's own interpretation of the report cannot overturn the ALJ's conclusions.  "Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *Burch*, 400 F.3d at 679 (citation omitted).  While the Ninth Circuit has cautioned against reliance on "certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise" to discount a plaintiff's symptom allegations, the ALJ here considered other factors and found additional reasons for discrediting Plaintiff's subjective symptom testimony.  *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 18

1    As to the location, duration, frequency, and intensity of pain or other

2  symptoms, the ALJ concluded Plaintiff's allegations of chronic pain and difficulty

3  getting around were inconsistent with her reports to medical providers and the

4  objective medical findings.  Tr. 26.  An ALJ may not discredit a claimant's

5  symptom testimony and deny benefits solely because the degree of the symptoms

6  alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261

7  F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.

8  1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680.

9  However, the objective medical evidence is a relevant factor, along with the

10  medical source's information about the claimant's pain or other symptoms, in

11  determining the severity of a claimant's symptoms and their disabling effects.

12  *Rollins*, 261 F.3d at 857; 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2).

13    The ALJ cited to several instances in which Plaintiff's reports to medical

14  examiners conflicted with her alleged degree of impairment.  In a May 2017

15  medical examination, Plaintiff reported she was healthy and exercising.  Tr. 26

16  (citing Tr. 393).  A month later, Plaintiff reported a busy week taking care of

17  children.  Tr. 26 (citing Tr. 584).  In July 2017, Plaintiff again reported she was

18  exercising regularly.  Tr. 26 (citing Tr. 585).  Additionally, the AJL found the

19  objective medical findings, including x-rays and physical exams, were inconsistent

20  with Plaintiff's allegations.  Tr. 26 (citing Tr. 593, 595, 620).  Specifically, a

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 19

September 2017 x-ray revealed only mild degenerative disc disease and spondylosis, partial sacralization with pseudoarthrosis, and 3 mm degenerative anterolisthesis with no abnormal vertebral motion with flexion or extension. Tr. 26 (citing Tr. 593). Notably, around that same time, Plaintiff reported that changing between sitting and standing positions eased her pain. Tr. 26 (citing 595). Another imaging study noted the changes in Plaintiff's spine were "so common in adults without low back pain" that the findings should be "interpreted with caution. Tr. 27 (citing Tr. 1153). In October 2017, a physical exam revealed no edema (swelling) and a subsequent November 2017 exam showed only trace edema. Tr. 26 (citing Tr. 611, 620). Finally, clinicians observed that Plaintiff walked without an assistive device, had good neurological sensation, and showed good strength. Tr. 27 (citing 672, 1145).

Plaintiff cites to medical care visits regarding a variety of ailments including diabetic foot ulcers (*see, e.g.*, Tr. 611, 622, 692, 891) and decreased sensation associated with diabetic neuropathy (*see, e.g.*, Tr. 325, 382, 511, 568, 627) to support her assertion that the ALJ improperly rejected her subjective symptom testimony. However, it is the ALJ's responsibility to resolve conflicts in the medical evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable as it is here, it should not be second-guessed. *Rollins*, 261 F.3d at 857. And again, "[w]here evidence is

1    susceptible to more than one rational interpretation, it is the ALJ's conclusion that

2    must be upheld." *Burch*, 400 F.3d at 679 (citation omitted).  Moreover, the ALJ

3    accounted for Plaintiff's pain and movement difficulties by finding Plaintiff had a

4    reduced residual functional capacity.  *See* Tr. 24 (finding, *inter alia*, Plaintiff could

5    stand/walk for 4 hours; needs to change sitting/standing positions every 30

6    minutes; can occasionally climb stairs/ramps).

7         The ALJ also considered Plaintiff's success with conservative treatment to

8    alleviate her symptoms, specifically physical and aquatic therapy.  The Ninth

9    Circuit has "previously indicated that evidence of conservative treatment is

10   sufficient to discount a claimant's testimony regarding severity of an impairment."

11   *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (internal quotations omitted).

12   The record indicated Plaintiff had a "normal" response to the therapy and made

13   "good progression" with exercises.  Tr. 27 (citing Tr. 666, 1128, 1131, 1138).

14   Plaintiff reported reduced knee pain and an examination noted she had improved

15   movement in her hips and low back.  Tr. 27 (citing Tr. 671-72).  Plaintiff did not

16   report needing to use an assistive device such as a walker, cane, or wheelchair.  Tr.

17   27 (citing Tr. 672).

18        Another factor considered by the ALJ was the relatively stable nature of

19   Plaintiff's chronic conditions.  Specifically, Plaintiff's diabetes was reported "at

20   goal" in March 2018.  Tr. 27 (citing Tr. 675).  Around that same time, Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 21

reported increased work around the house and exercise.  Tr. 27 (citing Tr. 1084).

Despite several falls later in the month that increased her back pain, Plaintiff

reported doing well in May 2018.  Tr. 27 (citing Tr. 696).  In subsequent medical

exams, Plaintiff reported continued exercise and house chores (Tr. 696, 697, 720,

1139), and blood sugar levels of 100-150 during the day (Tr. 720).  Medical exam

notes indicated Plaintiff continued have a "normal response" to physical therapy

(Tr. 1128, 1131, 1138) and also noted Plaintiff tolerated gym exercises "really

well" (Tr. 697).  The ALJ made note of Plaintiff's lifelong vision condition but

found Plaintiff had engaged in gainful activity levels with the condition in the past

and that her vision in her left eye compensated for the vision loss in her right eye.

Tr. 27 (citing Tr. 646, 648, 650).

Plaintiff argues her chronic conditions were not stable, particularly her

diabetes.  ECF No. 15 at 19.  She also argues her success with physical therapy

was not long-lasting.  *Id*. at 20.  However, ALJ noted Plaintiff's medical record

reflected a history of non-compliance with diabetes medications.  Tr. 26 (citing Tr.

568, 373).  "Impairments that can be controlled effectively with medication are not

disabling for the purpose of determining eligibility for SSI benefits."  *Warre v.

Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).  The record as a

whole supports the ALJ's finding that Plaintiff's conditions were controlled by

medication, diet, and exercise.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 22

1    The ALJ's conclusion that Plaintiff's subjective symptom testimony

2  conflicted with the evidence was clear, convincing, and properly supported by

3  substantial evidence.

4    **C.    Medical Testimony**

5    Plaintiff argues the ALJ erred in rejecting the medical opinions of Dr. Maria

6  Celerian, MD, Valerie Vela, MSW, and Dr. Thomas Genthe, Ph.D.  ECF No. 15 at

7  13.

8    There are three types of physicians: "(1) those who treat the claimant

9  (treating physicians); (2) those who examine but do not treat the claimant

10  (examining physicians); and (3) those who neither examine nor treat the claimant

11  [but who review the claimant's file] (nonexamining [or reviewing] physicians)."

12  *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001) (citations omitted).

13  Generally, the opinion of a treating physician carries more weight than the opinion

14  of an examining physician, and the opinion of an examining physician carries more

15  weight than the opinion of a reviewing physician.  *Id.*  In addition, the

16  Commissioner's regulations give more weight to opinions that are explained than

17  to opinions that are not, and to the opinions of specialists on matters relating to

18  their area of expertise over the opinions of non-specialists.  *Id.* (citations omitted).

19    If a treating or examining physician's opinion is uncontradicted, an ALJ may

20  reject it only by offering "clear and convincing reasons that are supported by

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 23

substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory, and inadequately supported

by clinical findings." *Bray v. Comm'r of Soc. Sec*, 554 F.3d 1229, 1228 (9th Cir.

2000) (internal quotation marks and brackets omitted).  An ALJ may only reject

the opinion of a treating or examining doctor by providing specific and legitimate

reasons that are supported by a substantial weight of the evidence, even if that

opinion is contradicted by another doctor.  *Lester v. Chater*, 81 F.3d 821, 830-831

(9th Cir. 1995)).  The opinion of a nonexamining physician may serve as

substantial evidence if it is supported by other independent evidence in the record.

*Andrews*, 53 F.3d at 1041.

### 1.  Dr. Maria Celerian, MD

Dr. Celerian was a treating physician who opined in a medical source

statement form in October 2018 that Plaintiff had limitations amounting to less

than sedentary work.  Tr. 29.  To support her finding, Dr. Celerian opined Plaintiff

could sit for a total of one hour, stand for up to 1-2 hours, and walk for a total of 3-

4 hours per day.  Tr. 29.  Dr. Celerian also opined that Plaintiff could seldom

lift/carry up to 10 pounds and could never engage in squatting, crawling, climbing,

or pushing foot controls.  Tr. 29.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 24

The ALJ gave little weight to Dr. Celerian's opinion, finding the opinion was not consistent with the record as a whole nor did it provide sufficient explanation to support the conclusions. Tr. 29. Relevant factors to evaluating any medical opinion include the amount of relevant evidence that supports the opinion, the quality of the explanation provided in the opinion, and the consistency of the medical opinion with the record as a whole. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1042 (9th Cir. 2007); *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).

Here, Plaintiff's own statements conflicted with Dr. Celerian's opinion. For example, Plaintiff's function reports did not indicate difficulties with sitting, in contrast to Dr. Celerian's finding that Plaintiff could only sit for a total of one hour in an eight-hour day. Tr. 249, 273, 1155. Additionally, Plaintiff told one care provider she had a valid driver's license and reported seeing spots in her vision when driving, implying that she did, in fact, drive on occasion, contrary to Dr. Celerian's assessment of Plaintiff's inability to push foot controls. Tr. 410, 646, 1156. Objective medical findings also conflicted with Dr. Celerian's opinion regarding impairments with sitting. Specifically, imaging studies of Plaintiff's spine showed mild to moderate changes that are "so common in adults without low back pain" that the findings should be "interpreted with caution." Tr. 593, 1153.

Finally, Dr. Celerian's opinion was provided in a check-mark form and contained very little explanation to support her findings. *See* Tr. 1155-58. In fact,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 25

in the section asking for objective medical findings, Dr. Celerian provided only her diagnosis and Plaintiff's reported symptoms.  Tr. 1157.  As the Ninth Circuit has stated, an ALJ may "permissibly reject . . . check-off reports that do not contain any explanation of the bases of their conclusions."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (internal brackets and citation omitted).  Thus, the ALJ properly gave little weight to Dr. Celerian's opinion and provided "specific, legitimate reasons based on substantial evidence in the record" for doing so.  *Id.*

### 2.  *Valerie Vela, MSW*

Plaintiff argues the ALJ erred by failing to address Valerie Vela's opinion. ECF No. 15 at 15.  Licensed clinical social workers, like Ms. Vela, are considered "other sources" under the regulations.  *See* SSR 06-03p, 2006 WL 2329939, at *2. As such, these sources may not establish a medically determinable impairment.  *Id*. Nonetheless, in order to discount the competent testimony of "other" medical sources, the ALJ must give "reasons germane to each witness for doing so."  *Molina*, 674 F.3d at 1111.  In rejecting such testimony, the ALJ need not "discuss every witness's testimony on a[n] individualized, witness-by-witness basis.  Rather, if the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness."  *Id.* at 1114.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 26

1       Here, the ALJ did not address Ms. Vela's opinion.  Thus, Plaintiff is correct

2  that the ALJ erred in silently disregarding Ms. Vela's opinion.  However, an ALJ's

3  failure to explain why a witness's testimony is discredited may be harmless error

4  "where the testimony is contradicted by more reliable medical evidence that the

5  ALJ credited" as is the cases here.  *See Molina*, 674 F.3d at 1118-19.  For example,

6  the ALJ gave great weight to the opinion of reviewing physician ,Dr. Regets, who

7  assessed Plaintiff with no medically determinable mental impairments.  Tr. 28

8  (citing Tr. 112-27).  Dr. Regets is an expert in disability evaluation with

9  knowledge of the regulations.  Tr. 28.  Moreover, the ALJ found Dr. Reget's

10  opinion was consistent with Plaintiff's record as a whole.  *Id.*

11       Additionally, the ALJ gave significant weight to reviewing physician Dr.

12  Irwin's opinion regarding Plaintiff's functional limitations.  *Id.*  Dr. Irwin is also an

13  expert in disability evaluation with knowledge of the regulations.  *Id.*  The ALJ

14  ultimately found Plaintiff was slightly more limited than Dr. Irwin's June 2017

15  assessment, taking into account Plaintiff's hearing testimony and her reports to a

16  physical therapist that her pain eased when she alternated between sitting and

17  standing.  Tr. 28 (citing Tr. 595).

18       Finally, the ALJ gave great weight to evaluating psychologist Dr. Genthe's

19  June 2017 in-person psychological evaluation of Plaintiff.  Tr. 28.  Dr. Genthe

20  opined that Plaintiff's mental abilities to do basic work were unimpaired.  Tr. 28

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 27

(citing Tr. 412).  The ALJ found Dr. Genthe's opinion was consistent with the

record as a whole and also consistent Plaintiff's own reports to him that her

physical issues were the reason for her unemployment.  Tr. 28 (citing 408, 411).

The ALJ erred in failing to address Ms. Vela's opinion, but the error was

harmless because the ALJ found more reliable medical evidence to support his

findings.

### 3. Dr. Genthe

Plaintiff argues the ALJ erred in rejecting Dr. Genthe's September 2017

opinion.  ECF No. 15 at 15-16.  The ALJ gave Dr. Genthe's September 2017

evaluation little weight, finding the "severe mental limitations" rating assigned in

September was inconsistent with the "no mental limitations" rating assigned in

June 2017, and inconsistent with the record as a whole.  Tr. 29.  To illustrate, one

month after the September 2017 evaluation, Plaintiff reported she was doing really

well.  Tr. 28 (citing Tr. 1046).  Nearly a year later, Plaintiff continued to report she

was in a good place, felt her moods had been stable, and was engaging in activities

she enjoyed.  Tr. 29 (citing Tr. 1104).  Moreover, Dr. Genthe noted in the

September 2017 evaluation that Plaintiff's responses were inconsistent and/or

random, which raised questions as to reliability.  Tr. 29 (citing 419, 422).  Overall,

the ALJ concluded Dr. Genthe's September 2017 evaluation was not well

supported or consistent with other evidence of record.  Tr. 29.  As previously

1    noted, one relevant factor in evaluating any medical opinion includes the

2    consistency of the medical opinion with the record as a whole. *Orn*, 495 F.3d at

3    631. The ALJ provided specific and legitimate reasons for giving Dr. Genthe's

4    September 2017 evaluation little weight and those reasons are supported by

5    substantial evidence.

6        **D.    ALJ's burden regarding Plaintiff's ability to perform other jobs
              available in the local and national economy**

7

8        Plaintiff argues the ALJ failed to meet his burden at step five, alleging the

9    ALJ erroneously relied on an incomplete hypothetical. ECF No. 15 at 20. If a

10   claimant cannot perform his or her past relevant work, at step five the ALJ must

11   show there are a significant number of jobs in the national economy the claimant is

12   able to do. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§

13   404.1520(d)-(e), 416.920(d)-(e). To do so, the ALJ may employ the testimony of a

14   vocational expert. *Tackett,* 180 F.3d at 1100-01; *Osenbrock v. Apfel,* 240 F.3d

15   1157, 1162 (9th Cir.2000). The ALJ's findings will be upheld if the weight of

16   medical evidence in the record supports the hypothetical posed by the ALJ.

17   *Martinez v. Heckler,* 807 F.2d 771, 774 (9th Cir.1987); *Gallant v. Heckler,* 753

18   F.2d 1450, 1456 (9th Cir.1984). The vocational expert's testimony will qualify as

19   substantial evidence if it is reliable. *Embrey v. Bowen,* 849 F.2d 418, 422 (9th

20   Cir.1988).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT ~ 29

Here, the hypothetical posed to the vocational expert asked the expert to consider a claimant with Plaintiff's age, education, work experience, and residual functional capacity to perform light work with the following additional limitations:

> [Plaintiff] can stand/walk for 4 hours in an 8-hour day; she can sit through a work day with normal breaks; she needs an option to change sitting/standing positions every 30 minutes, while remaining at the work station; she can engage in occasional, non-repetitive operation of foot controls bilaterally; she can occasionally climb ramps/stairs, balance, stoop, kneel, or crouch; she can never crawl or climb ladders, ropes, or scaffolds; she can frequently handle and finger bilaterally; she should avoid concentrated exposure to extremes of heat/cold, pulmonary irritants, and hazards; and she has no vision in the right eye.

Tr. 31, 24.  The vocational expert testified that the hypothetical individual would be able to perform the following representative occupations: Telephone Quotation Clerk with approximately 3,400 jobs in the national economy; Call-Out Operator with approximately 5,200 jobs in the national economy; Addresser with approximately 5,700 jobs in the national economy; and Document Preparer with approximately 46,000 jobs in the national economy.  Tr. 31.

Plaintiff argues the hypothetical failed to account for certain of her limitations.  ECF No. 15 at 20.  To support her claims, Plaintiff restated her argument that the ALJ failed to account for certain alleged impairments.  *Id*.  A claimant cannot establish an ALJ erred at step five by rearguing the ALJ's residual functional capacity assessment did not account for her limitations.  *See Stubbs-*

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 30

*Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). As previously discussed, the Court finds the ALJ did not erroneously reject some of Plaintiff's alleged limitations as non-severe where the limitations were accounted for in Plaintiff's residual functional capacity. The ALJ's conclusion that Plaintiff is able to perform certain jobs in the national economy is supported by substantial evidence.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED.

2. Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED.

The District Court Executive is directed to enter this Order, enter judgment accordingly, furnish copies to counsel, and **close the file**.

**DATED** January 15, 2021.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 31